IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVENAL POWER CENTER, LLC<br>ONE ALLEN CENTER, LEVEL 31<br>500 DALLAS STREET<br>HOUSTON, TX 77002<br><br>Plaintiff,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY<br>1200 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, DC 20004<br><br>and<br><br>LISA P. JACKSON, ADMINISTRATOR,<br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY<br>1200 PENNSYLVANIA AVENUE, N.W.<br>WASHINGTON, DC 20004<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT

Plaintiff Avenal Power Center, LLC ("Avenal" or the "Company"), by and through its

attorneys, files this complaint against the United States Environmental Protection Agency and Lisa P.

Jackson, Administrator of the United States Environmental Protection Agency (the "Administrator")

(collectively, "Defendants" or "EPA") and alleges and says as follows:

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

1.      This is a citizen suit to enforce the Clean Air Act ("CAA" or "the Act"), brought under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2), against the Defendants for their failure to perform a mandatory duty required by the Act.

2.      Since August 2007, the Company (and its predecessor, Federal Power Avenal, LLC) has been working with EPA to secure the necessary approvals to construct a state-of-the-art 600 megawatt natural gas-fired power plant, known as the Avenal Energy Project (the "Project").

3.      Under the Act, construction on the Project cannot begin until EPA issues a "Prevention of Significant Deterioration" ("PSD") permit, to ensure, among other things, that the Project will not violate any air quality standards and will have the "best available control technology" to control certain air emissions.  42 U.S.C. §§ 7470-7492.

4.      The permit conditions imposed by the San Joaquin Valley Air Pollution Control District and already accepted by the Company are sufficient to ensure that the Project meets all the requirements of the Clean Air Act.  In fact, the Project will be among the cleanest power plants in the world.

5.      The initial PSD permit application for the Project was submitted to EPA in February 2008, and EPA notified the Company by letter dated March 19, 2008, that the PSD permit application was complete.

6.      Under Section 165(c) of the CAA, 42 U.S.C. § 7475(c), EPA is required to take final action on a PSD permit application within one year of receiving the complete application.  By law, Defendants should have granted or denied the PSD permit for the Project no later than March 19, 2009.

7.     Despite repeated requests from the Company asking Defendants to take final action on the PSD permit application, Defendants have disregarded and continue to disregard their statutory duty to act on the PSD permit application.

8.     Defendants' failure to comply with their mandatory duty has had, and will continue to have, substantial adverse economic impacts on the Company.

### THE PARTIES

9.     Defendants are the United States Environmental Protection Agency and Lisa P. Jackson, Administrator of the United States Environmental Protection Agency.  Both are located and have their principal place of business at 1200 Pennsylvania Avenue N.W., Washington, DC 20004. Pursuant to Federal Rule of Civil Procedure 4(i) and 42 U.S.C. § 7604(c)(3), EPA may be served with process by delivering a copy of the summons and complaint via registered or certified mail to the United States attorney for the district in which this action is brought, to the Attorney General of the United States, and to the EPA Administrator.

10.     The Company, Avenal Power Center, LLC, is the developer of the Project.  The Company is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

### JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to section 304(a) of the Act, 42 U.S.C. § 7604(a), and 28 U.S.C. § 1331.

12.     Venue is proper in this Court pursuant to section 304(a) and 28 U.S.C. § 1391(e).


/ / /

/ / /

/ / /

## BACKGROUND

### A. Statutory and Regulatory Background

13.     The Act creates a detailed and comprehensive legal framework designed to protect and enhance the quality of the nation's air while at the same time allowing for economic development.

14.     Part C of Title I of the Act, 42 U.S.C. §§ 7470-7492, sets forth permitting requirements for power plants and other major industrial facilities to be built in areas that already meet federal air quality standards for clean air.  These requirements are designed to protect public health and welfare and to ensure that economic growth will occur in a manner consistent with the preservation of existing clean air resources.  These provisions are generally referred to as the PSD program.

15.     As set forth in Section 165, 42 U.S.C. § 7475, and 40 C.F.R. § 52.21, any person proposing to construct a major stationary source in an attainment area must first obtain a PSD permit.

16.     Under the PSD program, a "major stationary source" is defined to include fossil fuel-fired steam electric plants of more than 250 million British thermal units (Btu) per hour heat input which emit or have the potential to emit one hundred tons per year or more of any regulated air pollutant.  40 C.F.R. § 52.21(b)(1)(i)(a).

17.     Section 165(c) of the Act states:

> Any completed permit application under [the PSD program] for a major emitting facility in any area to which this part applies shall be granted or denied not later than one year after the date of filing of such completed application.

42 U.S.C. § 7475(c).  Section 165(c) establishes a clear, nondiscretionary duty on EPA to take final action on a PSD permit application within twelve months after receiving a complete permit application.

### B.  The Project's PSD Permit Application

18.     The Project is a major stationary source that the Company has proposed to construct in an area designated as attaining the National Ambient Air Quality Standards.

19.     Since August 2007, the Company has been working with EPA to secure a PSD permit for the Project.

20.     The PSD permit application for the Project was submitted to EPA in February 2008.

21.     EPA issued a letter finding the application to be complete on March 19, 2008.  A true and correct copy of this letter is attached to this Complaint as <u>Exhibit A</u> and incorporated by reference herein.

22.     Under Section 165(c) of the Act, 42 U.S.C. § 7475(c), Defendants were required to take final action on the PSD permit application for the Project no later than March 19, 2009. Defendants have disregarded their nondiscretionary duty and still have not taken final action on the permit, even though the statutory deadline for such action was almost a year ago.

### <u>NOTICE</u>

23.     Section 304(a)(2) of the Act, 42 U.S.C. § 7604(a)(2), provides that:

> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf . . . against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

24.     Section 304(b)(2) of the Act, 42 U.S.C. § 7604(b)(2), provides that "no action may be commenced . . . under subsection (a)(2) of this section prior to 60 days after the plaintiff has given notice of such action to the Administrator."

25.     Plaintiff gave actual notice to Defendants of its intent to file this civil action in a letter addressed to the Administrator dated December 21, 2009 (the "Notice Letter").  A true and correct copy of the Notice Letter is attached to this Complaint as <u>Exhibit B</u> and is incorporated by reference herein.  This Notice Letter satisfies the pre-suit notice requirement of section 304(b) of the Act, 42 U.S.C. § 7604(b).

26.     The 60-day period required by section 304(b) of the Act, 42 U.S.C. § 7604(b), between issuance of the Notice Letter and commencement of this civil action expired on February 22, 2010.

## CLAIM FOR FAILURE TO PERFORM NONDISCRETIONARY DUTY

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     Defendants have failed to perform their nondiscretionary duty under section 165(c) of the Act, 42 U.S.C. § 7475(c), to either grant or deny the completed PSD permit application for the Project not later than one year after the date of filing of such completed PSD permit application.

29.     Absent an appropriate order of this Court, Defendants will continue to disregard this statutory duty and not render a decision on the PSD permit for the Project.

30.     As provided in sections 304(a) and (d) of the Act, 42 U.S.C. § 7604(a) and (d), Defendants' failure to perform their nondiscretionary duty subjects them to injunctive relief, costs, and attorneys' fees for this action that this Court determines appropriate.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, the Company requests that this Court:

1.      Order Defendants to immediately grant or deny the PSD permit application for the

Project as required by the CAA;

2.      Order Defendants to take other appropriate actions to remedy, mitigate, and offset the

harm to Plaintiff caused by Defendants' disregard of their statutory duty;

3.      Award Plaintiff its attorneys' fees and costs of this action; and

4.      Grant such other relief as the Court deems just and proper.

Dated: *March 8, 2010*

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

Jeffrey R. Holmstead
D.C. Bar No. 457974
Bracewell & Giuliani LLP
2000 K St., NW, Suite 500
Washington, DC 20006-1872
Telephone: (202) 828-5852
Telecopier: (202) 857-4812
*jeff.holmstead@bgllp.com*

**EXHIBIT A**



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION IX
75 Hawthorne Street
San Francisco, CA 94105-3901

March 19, 2008

Mr. Stuart Zisman
Avenal Power Center, LLC
500 Dallas Street, Level 31
Houston, TX 77002

Subject:     **Prevention of Significant Deterioration Application No. 08-SJ-01**
             **Avenal Power Center, LLC**
             **Avenal Energy Project, Avenal, California**

Dear Mr. Zisman:

This letter is in response to Avenal Power Center, LLC's application for a Prevention of Significant Deterioration (PSD) Permit for the Avenal Power Center, LLC's Avenal Energy Project. The application was submitted with the letter of transmittal dated February 15, 2008 and received by this office on February 20, 2008. Additional application copies also were provided on March 3, 2008. The application is for the construction and operation of a 600 MW combined-cycle electric power generating plant and ancillary facilities. The proposed project will be located between the San Luis Canal (California Aqueduct) and the Avenal Cutoff Road, six miles northeast of the City of Avenal in Kings County, California.

After our review of the above application, as well as follow-up information submitted per our request and received on March 14, 2008 and March 17, 2008, we have determined that the PSD permit application is administratively complete as of March 19, 2008. A preliminary determination, which will include an Ambient Air Quality Impact Report (AAQIR) and draft permit, is being developed. However, it is possible that we will need clarifying information on one or more parts of the application before we can issue a draft permit.

This notification of administrative completeness does not imply that the EPA agrees with any analyses, conclusions or positions contained in the application. Also, if you should request a suspension in the processing of the application, or submit new information indicating a significant change in the project design, ambient impact or emissions, this determination of administrative completeness may be revised.

Upon issuance of the preliminary determination, we will publish a public notice of our intent to issue the permit. The comment period specified in the notice shall be at least 30 days.

Please be advised that, at any time, anyone may have full access to the application materials and other information you provide to us in connection with this permit action. Therefore, we are informing you of your rights to claim business confidentiality under 40 CFR 2, Subpart B for any part of or all of the information you provide us. If you do not make a claim of confidentiality for any of this material within 15 days of the date you receive this letter you will have waived your right to do so. The facility name and address may not be claimed as confidential.

If you wish to claim confidentiality, you must substantiate your claim. Your substantiation must address the points enumerated in the attachment to this letter, in accordance with 40 CFR 2.204(e).

If you have any questions concerning the review of your application, please contact Shirley F. Rivera, Environmental Engineer, of my staff at (415) 972-3966. For questions regarding confidentiality claims, please contact Ann Lyons at (415) 972-3883. For air quality modeling questions, please contact Carol Bohnenkamp at (415) 947-4130.

Sincerely,

Gerardo Rios
Chief, Permits Office


Attachment

cc:   Jim Rexroad, Avenal Power Center, LLC
      Robert Fletcher, California Air Resource Board
      Christopher Meyer, California Energy Commission
      Derek Fukuda, San Joaquin Valley APCD
      Dave Warner, San Joaquin Valley APCD
      Eric Walther, Sierra Research

Distribution of copies:

Jim Rexroad
Avenal Power Center, LLC
500 Dallas Street, Level 31
Houston, TX 77002

Robert Fletcher, Division Chief
Stationary Source Division
California Air Resources Board
1001 "I" Street
P.O. Box 2815
Sacramento, CA 95812

Christopher Meyer, Project Manager
California Energy Commission
1516 9th Street, MS-15
Sacramento, CA 95814

Derek Fukuda, Air Quality Engineer
San Joaquin Valley APCD
1990 E. Gettysburg Ave.
Fresno, CA 93726

Dave Warner, Director, Permit Services
San Joaquin Valley APCD
1990 E. Gettysburg Ave.
Fresno, CA 93726

Eric Walther
Sierra Research
1801 J Street
Sacramento, CA 95814

ATTACHMENT

INSTRUCTIONS FOR CLAIMING CONFIDENTIALITY

A.   Pursuant to 40 CFR 2.204(e), your claim must address these points:

   i.   The portions of the information alleged to be entitled to confidential
        treatment;

   ii.  The period of time for which confidential treatment is desired by the business
        (e.g., until the occurrence of a specific event, or permanently);

   iii. The purpose for which the information was furnished to EPA and the
        appropriate date of submission, if known;

   iv.  Whether a business confidentiality claim accompanied the information when
        it was received by EPA;

   v.   Measures taken by you to guard against the undesired disclosure of the
        information to others;

   vi.  The extent to which the information has been disclosed to others and the
        precautions taken in connection therewith;

   vii. Pertinent confidentiality determinations, if any, by EPA or other Federal
        agencies, and a copy of any such determination or reference to it, if available;

   viii.Whether you assert that disclosure of this information would be likely to
        result in substantial harmful effects on your business's competitive position,
        and if so, what those harmful effects would be, why they should be viewed as
        substantial; and an explanation of the casual relationship between disclosure
        and such harmful effect, and

   ix.  Whether you assert that the information is voluntarily submitted information
        and if so, whether any disclosure of the information would tend to lessen the
        availability to EPA of similar information in the future.  "Voluntarily
        submitted information" is defined in 40 CFR Section 2.201(i) as business
        information in EPA's possession.

        a)  The submission of which EPA has no statutory or contractual authority
            to require; and

        b)  The submission of which was not prescribed by statute or regulation as
            a condition of obtaining some benefit (or avoiding some disadvantage)

1

under a regulatory program of general applicability, including such regulatory programs as permit, licensing, registration, or certification programs, but excluding programs concerned solely or primarily with the award or administration by EPA of contracts or grants.

B.   We will disclose information covered by your claim only to the extent provided for in 40 CFR Part 2, Subpart B Confidentiality of Business Information.  Please address your claim and substantiation of confidentiality to the staff person mentioned in the letter at EPA Region 9 (AIR-3), 75 Hawthorne Street, San Francisco, CA  94105.

**EXHIBIT B**

# BRACEWELL &GIULIANI

|  |  |
|---|---|
| **Texas**<br>**New York**<br>**Washington, DC**<br>**Connecticut**<br>**Dubai**<br>**Kazakhstan**<br>**London** | Jeffrey R. Holmstead<br>Partner<br><br>202.828.5852 Office<br>202.857.4812 Fax<br><br>jeff.holmstead@bgllp.com<br><br>Bracewell & Giuliani LLP<br>2000 K Street NW<br>Suite 500<br>Washington, DC<br>20006-1872 |

December 21, 2009

<u>By Messenger and Electronic Mail</u>

The Honorable Lisa Jackson
Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

RE:     Notice of Intent to Sue EPA for Its Failure to Act on Avenal PSD Permit as required
        by the Clean Air Act

Dear Ms. Jackson:

        I am writing on behalf of Avenal Power Center, LLC ("Avenal Power"), the applicant
for a Prevention of Significant Deterioration (PSD) permit for the proposed Avenal Energy
Project ("Avenal") (permit number SJ 08-01). In accordance with section 304 of the Clean
Air Act, 42 U.S.C. §7604(a)(2), this letter shall serve as formal notice of Avenal Power's
intent to file suit against the U.S. Environmental Protection Agency (EPA) for EPA's failure
to perform its mandatory duty under the Clean Air Act to issue the PSD permit for Avenal in
a timely fashion.

        Section 165(c) of the Clean Air Act requires EPA to take final action on a PSD permit
within 12 months after receiving a complete permit application. 42 U.S.C. §7475(c). Avenal
Power submitted its permit application on February 15, 2008, and EPA notified Avenal
Power that its PSD permit application was complete on March 19, 2008. Thus, by statute,
EPA should have taken final action on the Avenal permit more than 9 months ago.

        Section 304 of the Clean Air Act authorizes civil actions against the Administrator to
compel him or her to perform any act or duty that is not discretionary under the Clean Air
Act. 42 U.S.C. §7604(a)(2). The Administrative Procedure Act, 5 U.S.C. § 706, as well as
Section 304 of the Clean Air Act, also authorizes lawsuits to compel EPA to take actions,
such as permitting decisions, that have been unreasonably delayed. This letter provides the
necessary notice required before such actions can be filed, which may occur sixty (60) days
(for a mandatory duty suit) and one-hundred and eighty (180) days (for a suit based on EPA's

The Honorable Lisa Jackson
December 21, 2009
Page 2

unreasonable delay) from the date of this letter.  42 U.S.C. § 7604.  If Avenal Power finds it
necessary to file any such action, it will seek all appropriate relief, including injunctive,
declaratory, monetary, and any other relief as may be awarded by a court of competent
jurisdiction.

This permitting action is straightforward and does not raise any unusual issues.
Avenal Power has proposed to construct a natural gas-fired combined cycle generating
station that would employ state-of-the-art control technology for minimizing emissions.  The
Company and its expert consultants have worked cooperatively with EPA throughout the
permitting process to ensure that the Agency has everything it needs to process the permit
application and issue the permit.  From the very beginning, Avenal Power has made it clear
that time was of the essence because of financial commitments the Company was required to
make, and that it was relying on EPA issue the permit in accordance with the schedule set by
Congress.  Even though this deadline passed many months ago, the Company has been
somewhat reassured by statements from EPA officials that the permit would be issued before
the end of the year.  It now appears, however, that this schedule is in doubt.

The comment period, which had been extended to accommodate everyone who had
raised any concerns about the proposed project, ended more than two months ago.  Even so,
there were relatively few comments on the proposed permit, and these comments do not raise
any new or difficult issues.  We simply do not understand why it has taken so long to finalize
a PSD permit for a state-of-the-art combined cycle gas-fired power plant.

We still hope that the Agency will issue the permit by year end and that it will not be
necessary for us to bring a lawsuit to force the EPA to issue a permit that, by law, it should
have issued almost a year ago.  However, unless the Agency acts within the 60-day notice
period, we are prepared to file a complaint seeking all appropriate remedies from a court of
competent jurisdiction.

Very truly yours,

Jeffrey R. Holmstead
Bracewell & Giuliani LLP

CC :   Laura Yoshii, EPA Region 9 (by electronic mail)
       Deborah Jordan, EPA Region 9 (by electronic mail)
       Kerry Drake, Region 9 (by electronic mail)
       Gerardo Rios, EPA Region 9 (by electronic mail)
       Gina McCarthy, OAR (by electronic mail)
       Bill Harnett, OAR/OAQPS (by electronic mail)
       Brian Doster, OGC (by electronic mail)