# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVENAL POWER CENTER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:10-cv-00383-RJL |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY and ) | |
| LISA P. JACKSON, Administrator, ) | |
| United States Environmental Protection Agency, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER

Defendants United States Environmental Protection Agency and Lisa P. Jackson, Administrator (jointly referred to as EPA), hereby answer the allegations in the Complaint as follows:

1. Paragraph 1 characterizes Plaintiff's cause of action and requires no response.

2. EPA admits that Plaintiff contacted EPA regarding certain aspects of the PSD permit application for the Avenal Energy Project in August 2007.  EPA lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2, and therefore denies such allegations.

3. Paragraph 3 is a conclusion of law, to which no response is required.

4. EPA denies the allegations in the first sentence of Paragraph 4.  EPA lacks sufficient information to form a belief as to the truth or falsity of the allegation in the second sentence of Paragraph 4, and therefore denies such allegations.

5. EPA admits the allegations in Paragraph 5.

6. The first sentence of Paragraph 6 characterizes the Clean Air Act, which speaks

for itself and is the best evidence of its content. The second sentence of Paragraph 6 is a conclusion of law, to which no response is required.

7. EPA admits that Plaintiffs have requested that EPA take final action on the Avenal Energy Project PSD permit application, and that EPA has not yet taken final action to grant or deny the application. EPA denies the remaining allegations in Paragraph 7.

8. EPA lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore denies such allegations.

9. EPA admits the first two sentences of Paragraph 9, except for the allegation that EPA's zip code is 20004. EPA alleges that its zip code is 20460. The third sentence of Paragraph 9 characterizes the Federal Rules of Civil Procedure and the Clean Air Act, which speak for themselves and are the best evidence of their content.

10. EPA admits the allegation in the first sentence of Paragraph 10. The second sentence of Paragraph 10 is a conclusion of law, to which no response is required.

11. Paragraph 11 is a conclusion of law, to which no response is required.

12. Paragraph 12 is a conclusion of law, to which no response is required.

13. Paragraph 13 characterizes the Clean Air Act, which speaks for itself and is the best evidence of its content.

14. Paragraph 14 characterizes the Clean Air Act, which speaks for itself and is the best evidence of its content.

15. Paragraph 15 characterizes the Clean Air Act and federal regulations, which speak for themselves and are the best evidence of their content.

16. Paragraph 16 characterizes a federal regulation, which speaks for itself and is the best evidence of its content.

17. The first sentence of Paragraph 17 characterizes the Clean Air Act, which speaks for itself and is the best evidence of its content. The second sentence of Paragraph 17 is a conclusion of law, to which no response is required.

18. EPA admits that the Avenal Energy Project is a major stationary source that Plaintiff has proposed to construct in an area that has been designated attainment for certain of the National Ambient Air Quality Standards, but otherwise denies the allegations in Paragraph 18.

19. EPA admits that Plaintiff contacted EPA regarding certain aspects of the PSD permit application for the Avenal Energy Project in August 2007. EPA lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and therefore denies such allegations.

20. EPA admits the allegation in Paragraph 20.

21. EPA admits the allegations in Paragraph 21.

22. Paragraph 22 contains conclusions of law, to which no response is required. Nevertheless, EPA admits that it did not take final action to grant or deny Plaintiff's PSD permit application for the Avenal Energy Project by March 19, 2009, and has not taken such action to date.

23. Paragraph 23 characterizes the Clean Air Act, which speaks for itself and is the best evidence of its content.

24. Paragraph 24 characterizes the Clean Air Act, which speaks for itself and is the best evidence of its content.

25. EPA admits the allegations in the first two sentences of Paragraph 25. The third sentence of Paragraph 25 is a conclusion of law, to which no response is required.

3

26. Paragraph 26 contains conclusions of law, to which no response is required.

27. EPA incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

28. Paragraph 28 contains conclusions of law, to which no response is required.

29. EPA denies the allegations in Paragraph 29.

30. Paragraph 30 is a conclusion of law, to which no response is required.

## PRAYER FOR RELIEF

Plaintiff's Complaint requests various forms of relief, to which no response is required.

## GENERAL DENIAL

To the extent any allegations have not been specifically addressed in the preceding paragraphs, EPA hereby denies such allegations.

## DEFENSES

1. With respect to any remedy awarded to Plaintiff, such remedy must provide a reasonable time for EPA to ensure compliance with section 7 of the Endangered Species Act, 16 U.S.C. § 1536. Pursuant to section 7, EPA is currently engaged in formal consultation regarding the Avenal Energy Project with the United States Fish & Wildlife Service.

2. With respect to any remedy awarded to Plaintiff, such remedy must also provide EPA with reasonable time to follow appropriate procedures to determine, pursuant to section 165(a)(3) of the Clean Air Act, 42 U.S.C. § 7475(a)(3), whether Plaintiff has demonstrated that emissions from the Avenal Energy Project will not cause or contribute to air pollution in excess of the recently-promulgated 1-hour national ambient air quality standard for nitrogen dioxide, effective April 12, 2010. 75 Fed. Reg. 6474 (Feb. 9, 2010).

WHEREFORE, EPA asks that the complaint be denied.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
  Division

/s/ STEPHANIE J. TALBERT
Environmental Defense Section
U.S. Department of Justice
Of Counsel:            P.O. Box 23986
                       Washington, D.C. 20026-3986
Brian Doster           (202) 514-2617
Office of General Counsel    stephanie.talbert@usdoj.gov
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N. W.
Mail Code 2344A
Washington, DC 20460
(202) 564-1932

Julie Walters
U.S. Environmental Protection Agency
Region 9
75 Hawthorne St., Mail Code ORC-2
San Francisco, CA 94105
(415) 972-3892


Dated:  May 18, 2010

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the ANSWER via Notice of Docket Activity by the Court's CM/ECF system, on May 18, 2010, on the following counsel of record:

Jeffrey R. Holmstead
Bracewell & Giuliani, LLP
2000 K Street, NW
Suite 500
Washington, DC 20006

>                              /s/ Stephanie J. Talbert
>                              STEPHANIE J. TALBERT
>                              Counsel for Defendant