IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AVENAL POWER CENTER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:10-cv-00383-RJL |
| | ) | (Hon. Richard J. Leon) |
| U.S. ENVIRONMENTAL PROTECTION | ) | |
| AGENCY and LISA P. JACKSON, in her | ) | |
| capacity as Administrator of the | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING AN ISSUE RAISED DURING
THE MARCH 16, 2011, ORAL ARGUMENT**

At the hearing on March 16, 2011, the Court asked a number of questions about the

consequences of granting the kind of remedial order that Plaintiff has requested, particularly with

regard to the rights of Plaintiff and third parties to seek review of the Agency's grant or denial of

Avenal's permit application in the federal court of appeals without first seeking review before

the Environmental Appeals Board.  Because our argument on this point may have been unclear,

we wish to ensure that the Court is aware that EPA believes the type of order Avenal seeks

would cut off the right of Avenal and any third parties to seek judicial review of the Agency's

decision to grant or deny Avenal's PSD permit.

The Administrative Procedure Act, 5 U.S.C. § 704, provides:

> Except as otherwise expressly required by statute, agency action
> otherwise final is final for purposes of this section whether or not
> there has been presented or determined an application for a
> declaratory order, for any form of reconsideration, or, **unless the
> agency otherwise requires by rule** and provides that the action
> meanwhile is inoperative, **for an appeal to superior agency
> authority**.

5 U.S.C. § 704 (emphasis added).  In other words, Section 704 "explicitly requires exhaustion of

all intra-agency appeals mandated either by statute **or by agency rule**."  *Darby v. Cisneros*, 509

U.S. 137, 147 (1993) (emphasis added).  EPA has duly promulgated just such a rule:

> (e)  A petition to the Environmental Appeals Board under
> paragraph (a) of this section is, under 5 U.S.C. [§] 704, a
> prerequisite to the seeking of judicial review of the final agency
> action.
>
> (f)(1) For purposes of judicial review under the appropriate Act,
> final agency action occurs when a final . . . PSD permit decision is
> issued by EPA and agency review procedures under this section
> are exhausted. . . .

40 C.F.R. § 124.19(e)-(f).  And the Clean Air Act's judicial review provision, 42 U.S.C.

§ 7607(b)(1), only grants the courts of appeals jurisdiction to review regulations and other

"final" agency actions.  The Supreme Court has held that the Clean Air Act's finality

requirement incorporates APA Section 704.  *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 437, 478

(2001).

As a result, an order from this Court that effectively prevents any party from seeking

review by the EAB also prevents that party from seeking judicial review of EPA's final agency

action with regard to Avenal's permit application.  Notwithstanding EPA's responsibility for

creating this conundrum by missing its one-year deadline under 42 U.S.C. § 7475(c) to grant or

deny Avenal's PSD permit, if Avenal or any other party were to seek review of the final agency

action in a court of appeals, EPA and the Department of Justice would have a duty to the court to

bring this jurisdictional defect to that court's attention.[1]

---

[1] Defendants respectfully note that EPA and DOJ would have this duty even if the Court
disagreed with EPA's understanding of the effect of APA Section 704 (footnote continued . . . )

For the foregoing reasons as well as those explained in our opposition briefs, we respectfully submit that the appropriate remedial order to address EPA's failure to "grant[] or den[y]" Avenal's permit application as required by 42 U.S.C. § 7475(c) is an order directing EPA, by May 27, 2011, to "grant or deny" the application pursuant to EPA's duly promulgated regulation, 40 C.F.R. § 124.15.


Dated: March 18, 2011                          Respectfully submitted,

                                               IGNACIA S. MORENO
                                               Assistant Attorney General
                                               Environment and Natural Resources Division

                                               */s/ Stephanie J. Talbert* _____
                                               STEPHANIE J. TALBERT, Trial Attorney
                                               United States Department of Justice
                                               Environment and Natural Resources Division
                                               Environmental Defense Section
                                               P.O. Box 23986
                                               Washington, D.C. 20026-3986
                                               Telephone:     (202) 514-2617
                                               Facsimile:     (202) 514-8865
                                               E-mail:        stephanie.talbert@usdoj.gov

and the administrative exhaustion requirement in Part 124 because this Court's reading would not be controlling on the court of appeals' analysis of its own jurisdiction.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING AN ISSUE RAISED DURING THE MARCH 16, 2011, ORAL ARGUMENT with the clerk of the court for the United States District Court for the District of Columbia using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

LaShon K. Kell
Jeffrey R. Holmstead
BRACEWELL & GIULIANI LLP
2000 K Street, NW, Suite 500
Washington, DC 20006

_/s/ Stephanie J. Talbert_
STEPHANIE J. TALBERT