UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVENAL POWER CENTER, LLC,<br><br>      **Plaintiff,**<br><br>      v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>      **Defendants.** | Case No. 10-cv-00383 (RJL)<br>(Hon. Richard J. Leon) |

**PLAINTIFF AVENAL POWER CENTER, LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF**

The Supplemental Brief that Defendants filed on March 25, 2011, simply repeats an argument that EPA has already made in this case: that an order by this Court requiring the EPA Administrator to take final agency action on Avenal's permit by May 27 would "cut off the right of Avenal and any third parties to seek judicial review of the Agency's decision to grant or deny Avenal's PSD permit."  EPA Supp. Brief 1 [#39]; *see also* EPA Brief Re: Remedy 12-13 [#35] (presenting same argument).  This argument is simply nonsensical.

EPA's reasoning is as follows:  (1)the Administrative Procedure Act ("APA") provides that an agency action is not "final agency action" for purposes of judicial review if the agency has adopted a rule that requires "an appeal to superior agency authority" before judicial review is available, *id.* (citing 5 U.S.C. § 704); (2) "EPA has duly promulgated just such a rule," which states that "[a] petition to the Environmental Appeals Board [EAB]" is "a prerequisite to the seeking of judicial review," *id.* at 2 (citing 40 C.F.R. § 124.19(e)); (3) an order requiring the EPA Administrator to take final action on Avenal's permit by May 27 would not allow time for the EAB appeals process, *id.*; and therefore (4) no one would be able to seek judicial review of the Administrator's decision, *id at 1-3*.

There are several flaws in this chain of reasoning.  First, the EPA Administrator is the head of the Agency.  When she makes a permitting decision, there is no possibility of "an appeal to superior agency authority."  The Agency has suggested that the EAB is somehow the ultimate EPA authority on PSD permitting issues—and that even a permit issued by the Administrator would need to be reviewed by the EAB before judicial review could be obtained.  It is surprising that the Administrator (or any government lawyer representing the Administrator) would seek to limit the authority or evade the responsibility that Congress clearly gave to her.  The Clean Air Act vests all decision-making authority in the EPA Administrator and states that decisions by the Administrator are reviewable "*only* in the United States Court of Appeals for the appropriate circuit."  42 U.S.C. § 7607(b)(1) (emphasis added).  As both parties have discussed in previous pleadings (with citations to the relevant EPA documents), the Administrator created the EAB by administrative fiat and delegated to it the authority to review many different types of decisions made by subordinate EPA officials (decisions that they can make only by virtue of authority delegated from the Administrator).  *E.g.*, EPA Brief Re: Remedy 5, n.3 [#35]; Pl.'s Reply Brief Re: Remedy 14-15 [#36].  The EAB was created to relieve the Administrator of the burden of reviewing decisions made by her subordinates, and EPA has not cited anything to support the assertion that the EAB has any authority to second-guess a decision made by the Administrator.

Second, the regulatory provisions cited by EPA, *e.g.*, 40 C.F.R. § 124.19(e) ("A petition to the" EAB is "a prerequisite to the seeking of judicial review."), apply *only* to permitting decisions made by a Regional EPA official.  This is clear on the face of the regulations themselves.  Consistent with the APA (and the practice of many government agencies), EPA's regulations provide that aggrieved parties cannot go directly to court to challenge a decision made by a Regional official but must first exhaust their administrative remedies by seeking

review from the EAB. When the head of an agency makes a decision, there are no administrative remedies to exhaust. Not surprisingly, there is nothing in any EPA regulation to suggest that an appeal to the EAB is a prerequisite to seeking judicial review of a decision made by the Administrator.

Third, it is hard to see how any EPA regulation could take away the right of judicial review that was created by Congress. Section 307(b)(1) of the Clean Air Act ("CAA") explicitly gives the courts of appeal jurisdiction to review the Administrator's decision on matters such as PSD permits.[1] It states:

> A petition for review of the Administrator's action in [doing a list of things under the CAA or] . . . *any other final action of the Administrator* under this chapter (including any denial or disapproval by the Administrator under subchapter I of this chapter) which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit.

42 U.S.C. § 7607(b)(1) (emphasis added). The Supreme Court has made clear that Section 307(b)(1) applies to *any* final action by the EPA. In *Harrison v. PPG Industries, Inc.*, the Court rejected the argument that Section 307(b)(1) only provides jurisdiction for review of a limited category of final EPA actions, concluding "that the phrase, 'any other final action,' in the absence of legislative history to the contrary, must be construed to mean exactly what it says, namely, *any other* final action." 446 U.S. 578, 587-92 (1980) (emphasis in original).

The Supreme Court has also made it clear that Section 307(b)(1) applies to any EPA decision that constitutes the Agency's last word on a matter. In *Whitman v. American Trucking Association*, cited by EPA, the Court explained that the "bite in the phrase 'final action'" in Section 307(b)(1) "is in the word 'final,' which requires that the action under review 'mark the

---

[1] Citing *Whitman v. American Trucking Association*, 531 U.S. 457 (2001), EPA claims that "[t]he Supreme Court has held that the Clean Air Act's finality requirement incorporates APA Section 704." EPA Supp. Brief 2. That was not the holding in *Whitman*. In *Whitman*, the Court stated that "the phrase 'final action' . . . bears the same meaning in § 307(b)(1) that it does under the Administrative Procedure Act (APA), 5 U. S. C. § 704." 531 U.S. at 478. The Court further noted, however, that a case brought under Section 307(b) is not "an ordinary case brought under the review provisions of the APA." *Id.* at 479 (citing 5 U.S.C. § 704).

consummation of the agency's decisionmaking process.'" 531 U.S. 457, 478 (2001) (quoting *Bennett v. Spear*, 520 U. S. 154, 177-78 (1997)).  Accordingly, EPA's actions are "'final' and thus reviewable" when "'EPA has rendered its last word on the matter' in question." *Id.* (quoting *Harrison*, 446 U.S. at 586).  Then-Judge Roberts, writing for the D.C. Circuit in regard to Section 307(b)(1), similarly explained that there are "dual requirements for 'final agency action': (1) that the action be final—*i.e.*, not tentative or interlocutory; and (2) that the action be one from which 'rights or obligations have been determined' or from which 'legal consequences will flow.'" *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 426 (D.C. Cir. 2004) (quoting *Bennett*, 520 U.S. at 177-78 (1997)).

There could be no more final word on Avenal's PSD permit than a decision by the Administrator.  The Administrator's decision on Avenal's permit would "mark the consummation of the agency's decisionmmaking process" and would be EPA's "last word on the matter."  It would not be "tentative or interlocutory," and it would "be one from which 'rights or obligations have been determined' or from which 'legal consequences will flow.'"  Accordingly, it would be "final action" under Section 307(b)(1), and anyone aggrieved by the decision would have a right to seek judicial review.  As there is nothing that would prevent EPA from taking final action on Avenal's permit by May 27, 2011, Avenal respectfully renews its request that the Court require the EPA Administrator to do so.

-5-

Date:   March 28, 2011                              Respectfully submitted,


      */s/ Jeffrey R. Holmstead*
Jeffrey R. Holmstead (DC Bar #457974)
BRACEWELL & GIULIANI LLP
2000 K Street, N.W., Suite 500
Washington, DC 20006-1872
Telephone: (202) 828-5852
Facsimile:  (202) 857-4812
E-mail:   jeff.holmstead@bgllp.com


      */s/ LaShon K. Kell*
LaShon K. Kell, Esq.  (DC Bar #483465)
BRACEWELL & GIULIANI LLP
2000 K Street, N.W., Suite 500
Washington, DC  20006
Telephone:  (202) 828-5816
Facsimile:   (202) 857-4835
E-mail:  lashon.kell@bgllp.com

*Counsel for Plaintiff,*
*Avenal Power Center, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2011, a true and complete copy of the foregoing *Plaintiff Avenal Power Center, LLC's Response to Defendants' Supplemental Brief* was served by the Court's electronic filing system on the following registered participants:

> Stephanie J. Talbert, Esquire
> Environmental Defense Section
> U.S. Department of Justice
> P.O. Box 23986
> Washington, DC  20026-3986
> E-mail:  stephanie.talbert@usdoj.gov
>
> *Counsel for Defendants*
> *U.S. Environmental Protection Agency and*
> *Lisa P. Jackson, Administrator (EPA)*

and by first class mail, postage pre-paid, on the following:

> Brian Doster, Esquire
> Office of General Counsel
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W.
> Mail Code 2344A
> Washington, DC  20460
>
> Julie Walters, Esquire
> U.S. Environmental Protection Agency
> Region 9
> 75 Hawthorne St., Mail Code ORC-2
> San Francisco, CA  94105
>
> *Counsel for Defendants*
> *U.S. Environmental Protection Agency and*
> *Lisa P. Jackson, Administrator (EPA)*

                                             */s/ Jeffrey R. Holmstead*
                                    Jeffrey R. Holmstead (DC Bar #457974)